**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

TONY McGEEHEE,

      Petitioner,

v.                              CASE NO.  4:16cv513-RH/CAS

JULIE L. JONES, Secretary,
Florida Department of Corrections,

      Respondent.

_____/


**ORDER DENYING THE PETITION AND
<u>DENYING A CERTIFICATE OF APPEALABILITY</u>**


By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Tony

McGeehee challenges the life sentence imposed by a Florida state court. This order

denies the petition.

I

A jury convicted Mr. McGeehee of attempted second-degree murder. The

jury explicitly found that Mr. McGeehee discharged a firearm during the offense,

causing great bodily harm. The maximum sentence for attempted second-degree

murder in Florida is 15 years, *see* Fla. Stat. § 775.082(d), but if a firearm is used

and great bodily harm results, the state's 10-20-life statute requires a court to impose a minimum mandatory sentence of at least 25 years and authorizes a court to impose a minimum mandatory sentence up to life, *see* Fla. Stat. § 775.087(2)(a)3. In Florida, a "minimum mandatory" sentence is a sentence that must be served in prison before the defendant is eligible for parole or other discretionary release—a meaning different from the term's meaning in federal court.

The state court sentenced Mr. McGeehee to life in prison. But after announcing the life sentence, the court said the sentence would include a minimum mandatory term of 25 years. This was not proper; the only statutory authority for a life sentence was the 10-20-life statute's authorization for a *minimum mandatory* life sentence.

Not content with an error in his favor—a life sentence with the opportunity for release after 25 years rather than a life sentence with no opportunity for release—Mr. McGeehee moved to correct the sentence. He won. The remedy, of course, was a new sentencing—not a reduction of the sentence to a term of years that the state court had never suggested would be a sufficient sentence. Mr. McGeehee had been convicted of a crime for which a life sentence was authorized, and the court had already determined, at the original sentencing, that the

appropriate sentence was life. On resentencing, the court again sentenced Mr. McGeehee to life, this time saying the life term was a minimum mandatory.

## II

Mr. McGeehee exhausted his state remedies and brought this federal habeas petition. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 27, which concludes that the petition should be denied, and Mr. McGeehee's objections, ECF No. 28. I have reviewed de novo the issues raised by the objections.

The report and recommendation is correct and is adopted as the court's opinion, with the additional analysis set out below.

## III

A federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A long and ever-growing line of cases addresses these standards. *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86 (2011); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d

1117 (11th Cir. 2012). No purpose would be served by repeating here all the analysis set out in the many cases.

IV

Mr. McGeehee asserts only one substantial federal claim: that the new sentence, by including a longer minimum mandatory term than the original sentence, violated the Due Process or Double Jeopardy Clause of the United States Constitution. To prevail, Mr. McGeehee would have to establish that the state courts' rejection of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in state court. Mr. McGeehee has not met this standard.

To be sure, it is settled that when a defendant is convicted, successfully challenges the conviction, and is again convicted, the state cannot increase the sentence in retaliation for the defendant's successful challenge to the original conviction. *See North Carolina v. Pearce*, 395 U.S. 711 (1969). The same principle surely applies when a defendant is sentenced, successfully challenges the sentence, and is again sentenced. *Pearce* holds that, to avoid a presumption of retaliation, a sentencing court should explain a new, higher sentence.

The presumption does not apply, though, when the circumstances readily suggest a legitimate explanation—when, for example, the first sentence was

imposed after a guilty plea, the plea and resulting conviction were set aside, and the defendant was convicted after a jury trial. *See Alabama v. Smith*, 490 U.S. 794 (1989).

Here there is a ready explanation for the second sentence. The state court believed all along that the appropriate sentence was life in prison. That was the original sentence, and that was the new sentence. The court made a legal error at the first sentencing, improperly announcing a minimum mandatory component of 25 years. The life sentence was proper only under the 10-20-life statute. Under that statute, the entire sentence had to be a minimum mandatory sentence. To effect the original intent to impose a life sentence, at resentencing the court imposed a life sentence, this time properly making the entire sentence a minimum mandatory. Nothing about this was retaliatory; it was, instead, a completely understandable attempt to correct a legal error.

Mr. McGeehee is serving a life sentence because he committed a crime in a manner that authorized a life sentence and because the state court determined—and has never wavered from the determination—that the appropriate sentence is life. Imposing a sentence authorized under Florida law did not violate the Due Process or Double Jeopardy Clauses. And even more clearly, the Florida courts' rejection of Mr. McGeehee's claims was not contrary to, and did not involve an

unreasonable application of, clearly established federal law as determined by the

Supreme Court.

V

Rule 11 of the Rules Governing § 2254 Cases requires a district court to

"issue or deny a certificate of appealability when it enters a final order adverse to

the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack*

*v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893

n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out

the standards applicable to a § 2254 petition on the merits). As the Court said in

*Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that
> reasonable jurists could debate whether (or, for that matter, agree
> that) the petition should have been resolved in a different manner
> or that the issues presented were " 'adequate to deserve
> encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a

certificate of appealability when dismissal is based on procedural grounds, a

petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

Mr. McGeehee he has not made the required showing. This order thus denies

a certificate of appealability.

## VI

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with

prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on April 19, 2018.

s/Robert L. Hinkle_____
United States District Judge
